# In the United States Court of Federal Claims

|   |   |   |
|---|---|---|
| ISSAC NYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-343C |
| v. | ) | (Filed: July 13, 2021) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

*Tyler Evans*, Covington & Burling LLP, Washington, DC, for Plaintiff. *Jennifer L. Plitsch*, *Sarah M. Shepson*, Covington & Burling LLP, Washington, DC, *Bart Stichman*, *Rochelle Bobroff*, *Esther Leibfarth,* and *David Sonenshine*, National Veterans Legal Services Program, Washington, DC, Of Counsel.

*Douglas G. Edelschick*, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, with whom were *Deborah A. Bynum*, Assistant Director, *Martin F. Hockey, Jr.*, Acting Director, and *Brian M. Boynton*, Acting Assistant Attorney General. *Lieutenant Colonel Sean B. Patton*, U.S. Department of the Navy, Office of the Judge Advocate General, Washington, DC, Of Counsel.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

On April 5, 2021, the Court issued an opinion in this military disability case granting Plaintiff Isaac Nyan's motion for judgment on the administrative record and denying the government's cross-motion. Op. and Order ("April 5 Op.") at 13, ECF No. 21. The Court held that the decision of the Informal Physical Evaluation Board ("IPEB") of the United States Department of the Navy ("the Navy") that Mr. Nyan was fit for military service was not supported by substantial evidence and that the IPEB failed to properly apply the standards for determining fitness set forth in the Navy's Disability Evaluation Manual, SECNAVINST 1850.4E (hereinafter "the Manual"). Id. Because the Court concluded that the record supported only one conclusion—that Mr. Nyan could not perform his regular duties as a Hospital Corpsman at the E4 grade by reason of his several medical conditions—it directed the Navy to correct Mr. Nyan's military records to reflect retirement based on medical disability as of the date of his discharge from the service and that it award him appropriate backpay and other benefits. Id.

Currently before the Court is the government's motion for reconsideration. Def.'s Mot. for Recons. & to Amend the J. ("Def.'s Mot."), ECF No. 23. In its motion, the government requests that the Court amend its judgment "on a narrow issue of the appropriate remedy." Id. at 1. Specifically, the government argues that the Court erred in directing the Navy to correct Mr. Nyan's military record to reflect a disability retirement. Id. Instead, the government contends, the Court should have remanded the case to the Board for the Correction of Naval Records ("the BCNR" or "the board") for further investigation and/or fact finding concerning whether Mr. Nyan was unfit for duty at the time of his discharge. Id. at 2. In addition, the government argues, the Court should instruct the BCNR that if it agrees that Mr. Nyan was unfit for duty, it should determine in the first instance: (1) which of his medical conditions caused the unfitness; (2) the appropriate rating to be applied to his unfitting condition or conditions; and (3) whether the unfitting condition or conditions were temporary or permanent ones. Id. at 6.

The Court heard argument on the government's motion via videoconference on June 29, 2021. For the reasons set forth below, the Court agrees with the government that it erred in directing the Navy to find Mr. Nyan unfit for duty and to correct his record to reflect a disability retirement. Instead, the Court should have remanded Mr. Nyan's case to the BCNR for further consideration in light of its April 5, 2021 Opinion and Order ("April 5 Opinion"), ECF No. 21.

Accordingly, the Court **VACATES** the judgment, ECF No. 22, and order it issued in this case only insofar as the Court directed the Navy to award Mr. Nyan a disability retirement, ECF No. 21. It **ORDERS** this case be remanded to the BCNR for further proceedings consistent with its April 5 Opinion and the instructions set forth below.

## DISCUSSION

### I.     The Court's April 5 Decision

As noted, in its April 5 Opinion, the Court held that the record did not contain substantial evidence to support the IPEB's finding that Mr. Nyan was not unable, "due to physical disability . . . to reasonably perform the duties of his[] office, grade, rank or rating." See April 5 Op. at 13; see also SECNAVINST 1850.4E encl. 3, § 3302(a). As the Court explained, the IPEB decision documents included no findings regarding what duties a Hospital Corpsman at the E4 grade is expected to perform—an essential element of the fitness determination. See SECNAVINST 1850.4E encl. 3, § 3301 ("Each case [involving a fitness determination] is considered by relating the nature and degree of physical disability of the member to the requirements and duties that member may reasonably be expected to perform in his or her office, grade, rank or rating."). In fact, the Court found, the IPEB's decision that Mr. Nyan was fit to perform the duties of a Hospital Corpsman at the E4 grade appeared to have instead been based entirely on comments in Mr. Nyan's most recent performance evaluation characterizing as "exceptional" Mr. Nyan's performance of administrative tasks during his limited duty assignment. April 5 Op. at 10 (citations omitted).

While the IPEB's rationale for finding Mr. Nyan fit was on its face insufficient, the evidence before the Court—consisting of the Navy's official issuances as well as Mr. Nyan's own performance history—appeared to establish that at the E4 grade a Hospital Corpsman is reasonably expected to have, as his primary duties, patient care rather than paperwork. Id. at

2

11–12. In fact, the Court determined, Mr. Nyan had been placed on "limited" duty and assigned desk work precisely because his chronic migraines and back problems prevented him from doing the physical tasks associated with providing patient care. Id. at 10–11. The Court found it odd, therefore, for the IPEB to find him fit based on his ability to perform the limited duties he was assigned because he could no longer perform his regular ones. And the IPEB's finding was further brought into question by the statements of Mr. Nyan's commanding officer that even on limited duty he missed an average of ten hours a week due to his medical conditions. Id. at 13.

The Court also found it significant that the other three of the four factors the Manual specifies the Navy must consider in determining fitness tipped in favor of finding Mr. Nyan unfit. Specifically: (1) a medical treatment facility found that Mr. Nyan's medical conditions prohibited him from taking all or a portion of the Navy's physical readiness test; (2) the Navy determined that he was not deployable; and (3) he could not perform his specialized duties because of his medical conditions. See SECNAVINST 1850.4E encl. 3, § 3304(a)(2)–(4).

Moreover, the Court found that the IPEB did not follow Navy regulations when it made its fitness determinations. Those regulations require that significant weight be given to the Non-Medical Assessment provided by Mr. Nyan's commanding officer, Dr. Baasen. See April 5 Op. at 12–13 (citing SECNAVINST 1850.4E encl. 11, § 11001(d)(2)). Dr. Baasen explicitly stated that Mr. Nyan could not perform within his rating, Admin. R. ("AR") 184, ECF No. 11-1, and that his medical conditions prevented him from "fully perform[ing] all duties and aspects of his rate at shore or sea commands," AR 186; see also AR 185 ("Due to current medical conditions, chronic migraines, chronic back pain, and mental health concerns member cannot perform duties as a Hospital Corpsman."). In fact, Dr. Baasen commented that Mr. Nyan's medical conditions had "made it difficult for him" to even "perform his administrative duties within the hospital," AR 186, and that Mr. Nyan had "to be away from his current duties for treatment, evaluation, and/or recuperation" for an average of ten hours per week, AR 184.

But even assuming that Mr. Nyan was able to reasonably perform the purely administrative duties he had been assigned, that would not be enough to establish his fitness for duty under the Manual. April 5 Op. at 11–12. As the Court explained in its April 5 Opinion, Navy regulations did not require Mr. Nyan to show that he "was disabled from performing any and all work that a Hospital Corpsman might be assigned to perform, but rather [that] he was disabled from performing work that a Hospital Corpsman at the E4 grade could 'reasonably be expected to perform.'" Id. at 11 (quoting SECNAVINST 1850.4E encl. 3, § 3301). Because the IPEB failed to apply this standard, and because the administrative record did not contain substantial evidence to support the IPEB's fitness determination, the Court granted Mr. Nyan's motion for judgment on the administrative record.

## II.    The Government's Motion for Reconsideration

### A.    Standard of Review of Motions for Reconsideration

Motions for reconsideration are governed by Rule 59 of the Rules of the Court of Federal Claims ("RCFC"). Under RCFC 59(a)(1), the Court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest

injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)). Likewise, the Court "may, on motion under [RCFC 59], open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." RCFC 59(a)(2).

"Reconsideration enables a trial court to address oversights." Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 315 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000); Magnum Opus Techs., Inc. v. United States, 94 Fed. Cl. 553, 554–55 (2010). Reconsideration, however, is "not intended to allow a party to reassert arguments that the Court already has considered." Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662, 664 (2007) (citations omitted); see also Young, 94 Fed. Cl. at 674 (explaining that a motion for reconsideration "is not to be used by a dissatisfied party to relitigate the case").

B. The Merits of the Government's Motion

In its motion, the government does not request that the Court reconsider its decision that the Navy's fitness determination was not supported by substantial evidence and was inconsistent with applicable Navy regulations. Instead, as noted above, it asks the Court to vacate the remedy portion of its decision, in which it directed the Navy to correct Mr. Nyan's military records to reflect retirement based on medical disability on the date of his discharge. Def.'s Mot. at 7. The government contends that—having found the Navy's fitness determination legally flawed and not supported by substantial evidence—the Court should have instead remanded the case to the BCNR for further consideration. Id. at 2. A remand was required, it argues, to give the Navy the opportunity to either explain its previous decision or make a new one taking into consideration the findings in the Court's April 5 Opinion. Id. at 3–5. Second, the government contends, even assuming the BCNR agrees that Mr. Nyan had at least one unfitting condition, the Navy should be given the opportunity to decide which statutory provision governing retirement or separation for disability should apply—10 U.S.C. § 1201 (disability retirement where unfitting condition rated 30% disabling or higher), § 1202 (temporary disability retirement list), or § 1203 (severance pay where disability rated lower than 30%). Id. at 5–6.

Upon further reflection, the Court agrees with the government. First, the government is correct that it is a well-established principle of administrative law that, upon a finding that an agency "decision of a matter that statutes place primarily in agency hands" is unsupported by substantial evidence, reviewing courts should generally remand the case to the agency. See, e.g., I.N.S. v. Orlando Ventura, 537 U.S. 12, 16–17 (2002); see also Strand v. United States, 706 F. App'x 996, 1000 (Fed. Cir. 2017) (stating that, upon "find[ing] [that] the Secretary's decision [is] unsupported by substantial evidence," "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (citations omitted). Further, restraint seems particularly appropriate in military disability cases because of the broad discretion afforded the military when determining whether service members are fit for duty. See Fisher v. United States, 402 F.3d 1167, 1176–77 (Fed. Cir. 2005); Clary v. United States, 52 Fed. Cl. 390, 392 (2002) (citing Murphy v. United States, 993 F.2d 871 (Fed. Cir. 1993)), aff'd in part, rev'd in part on other grounds, 333 F.3d 1345 (Fed. Cir. 2003); Orloff v. Willoughby, 345 U.S. 83, 90–92 (1953); Maier v. Orr, 754 F.2d 973, 984 (Fed. Cir. 1985). The Court may not "substitute [its] judgment for that of the military departments when reasonable minds could reach

4

differing conclusions on the same evidence." Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983) (citing Sanders v. United States, 594 F.2d 804, 813–14 (Ct. Cl. 1979)).

Further, this case lacks a formal decision document that provides the basis for the IPEB's determination in anything but the most summary of terms. The Court has had to make inferences from the record in an effort to fully understand the duties Mr. Nyan performed before he was placed on limited duty and the duties that could reasonably be expected of a Hospital Corpsman at the E4 grade. The Court therefore agrees on reflection that the most appropriate course is to remand this case to the BCNR for further review of the fitness question, including potential further development of the record relevant to those matters.[1]

The Court is fortified in its view that a remand is appropriate because—even leaving aside the question of whether any of Mr. Nyan's conditions rendered him unfit for duty—his entitlement to a disability retirement depends on what rating is assigned to his unfitting condition or conditions, and whether those conditions were temporary or permanent. The Navy has not yet had any opportunity to review those matters and it is the Navy's responsibility in the first instance to do so.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion for reconsideration. ECF No. 23. The Court **VACATES** the judgment, ECF No. 22, and order it issued in this case only insofar as the Court directed the Navy to award Mr. Nyan a disability retirement, ECF No. 21. It issues the following new order effecting its April 5 Opinion. ECF No. 21.

The Court **REMANDS** this case to the BCNR pursuant to RCFC 52.2 for it to determine, consistent with this Court's April 5 Opinion and the instructions herein, whether any or all of Mr. Nyan's three medical conditions—migraines, backpain, or mental health disorders—rendered him unfit for military service and, if so, whether the condition or conditions were temporary or permanent and the appropriate rating to be applied to the unfitting condition or conditions.

In determining whether any or all of Mr. Nyan's physical disabilities rendered him unfit "to perform the duties" of his "grade, rank or rating because of disease or injury incurred or aggravated while entitled to basic pay," the BCNR must make findings consistent with this Court's April 5 Opinion regarding "the requirements and duties that [Mr. Nyan] may [have] reasonably be[en] expected to perform" as a Hospital Corpsman at the E4 grade. April 5 Op. at 10–11 (citing SECNAVINST 1850.4E encl. 3, § 3301). The BCNR shall give significant weight to the comments of Mr. Nyan's commanding officer in the Non-Medical Assessment, consistent

---

[1] Mr. Nyan is correct that application to a correction board is not a mandatory prerequisite to filing a Tucker Act challenge to military personnel actions. See Richey v. United States, 322 F.3d 1317, 1325 (Fed. Cir. 2003). Nonetheless, § 1491(a)(2) grants the Court the flexibility to remand to the board in cases in which there are benefits to such a remedy, or "to proceed directly to adjudication if the court concludes that [it] . . . would not serve a useful purpose." Martinez v. United States, 333 F.3d 1295, 1310 (Fed. Cir. 2003).

with section 11001(d)(2) of the Manual, which characterizes such comments as "vital in assisting the PEB to make the proper determination of medically Fit or Unfit."

If the BCNR finds any of Mr. Nyan's conditions to be unfitting, it shall further decide the appropriate disability rating for each unfitting condition and whether or not the unfitting condition was permanent and stable at the time of his discharge from the Navy. See 10 U.S.C. §§ 1201–1203. It shall then correct Mr. Nyan's records accordingly.

On remand, the BCNR shall permit Mr. Nyan to provide additional evidence should he elect to do so. The remand proceedings must be completed within four months of the date of this decision. The parties shall file a joint report every forty-five days advising the Court of the status of the proceedings on remand. The Court will retain jurisdiction over the case during the course of the proceedings on remand. The Court **STAYS** proceedings in the instant case during that time.

Pursuant to RCFC 52.2(e), the parties shall file notice with the Court within thirty days of the board's decision on remand stating whether that decision affords a satisfactory basis for the disposition of the case and whether the parties require further proceedings before the Court.

The Clerk is directed to serve the BCNR with copies of: (1) this Opinion and Order, and (2) the Court's April 5 Opinion, ECF No. 21. The Clerk shall serve the BCNR at the following address:

Department of the Navy
Board for Correction of Naval Records
701 S. Courthouse Road
Building 12, Suite 1001
Arlington, VA 22204-2490

**IT IS SO ORDERED**.

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge